IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| The Church of Our Lord and Savior Jesus Christ, | ) ) | |
| Plaintiff, | ) ) | Case No: 15 C 4079 |
| v. | ) ) | |
| | ) | Judge Ronald A. Guzmán |
| City of Markham, Illinois, et al. | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated above, Defendants' motion to dismiss [13] is granted in part and denied in part. The motion is granted with respect to the claim under § 2(b)(2) of RUILPA (Count 3) and the Illinois Open Meetings Act claim (Count 5). The motion as to the remaining claims is denied.

## STATEMENT

The Church of Our Lord and Savior Jesus Christ ("Plaintiff") brings suit against the City of Markham, its Mayor, David Webb, and several of its aldermen, including Donna Barron, Ernest Blevins, Clifton Howard, and Rondal Jones, based on the City's denying Plaintiff a special use permit to operate a church in an area zoned residential. Plaintiff filed its initial complaint, seeking only administrative review of the zoning decision, in the Circuit Court of Cook County. That complaint was dismissed without prejudice. Several months later, Plaintiff filed an amended complaint which it called the Second Amended Verified Complaint ("SAC"). The SAC alleges six counts: administrative review (Count 1); violation of §2(a) of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (Count 2); violation of § 2(b)(2) of RLUIPA (Count 3); violation of the Illinois Religious Freedom Restoration Act, 775 Ill. Comp. Stat. 35/1 (Count 4); violation of the Illinois Open Meetings Act, 5 Ill. Comp. Stat. 120/2 (Count 5); First Amendment violation (Count 6). Defendants move to dismiss the complaint.

Defendants contend that Count 1 for administrative review must be dismissed because the decision of the zoning board to deny a special use permit is not subject to administrative review. Section 11-13-25(a) of the Illinois Compiled Statutes states that "[a]ny decision by the corporate authorities of any municipality . . . in regard to any petition or application for . . . rezoning, or other amendment to a zoning ordinance shall be subject to de novo judicial review as a legislative decision, regardless of whether the process in relation thereto is considered administrative for other purposes." 65 Ill. Comp. Stat. 5/11-13-25(a). Plaintiff alleges that the Markham City Council's decision to adopt the Planning Board's recommendation to deny a special use permit was arbitrary and capricious because no reason for the denial was provided and the permit was denied despite the approval by the City's Building and Fire Inspectors for the Plaintiff to operate in the relevant

property. "The Court . . . understands [Plaintiff] to be asserting that [Defendants'] refusal to amend its zoning ordinance was arbitrary and capricious and violated the Illinois constitution." *Am. Islamic Ctr. v. City of Des Plaines*, 32 F. Supp. 3d 910, 917 (N.D. Ill. 2014). While Count 1 appears to be improperly named as a count for "administrative review," the Court declines to dismiss the count.

Defendants next argue that Counts 2 and 4 must be dismissed because Plaintiff does not state a plausible claim that it was substantially burdened under § 2(a)(1) of RLUIPA or the Illinois Religious Freedom Restoration Act (RFRA). As an initial matter, RLUIPA does not authorize any kind of relief against public employees. *See Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (citing *Nelson v. Miller*, 570 F.3d 868 (7th Cir. 2009)). Therefore, any RLUIPA claims against the Mayor or aldermen are dismissed. RUILPA "provides that a government land-use regulation 'that imposes a substantial burden on the religious exercise of a . . . religious assembly or institution' is unlawful 'unless the government demonstrates that imposition of the burden . . . is in furtherance of a compelling governmental interest; and it is the least restrictive means of furthering that compelling governmental interest.'" *World Outreach Conference Ctr. v. City of Chi.*, 591 F.3d 531, 533 (7th Cir. 2009) (quoting 42 U.S.C.§ 2000cc(a)(1)). "[I]n the context of RLUIPA's broad definition of religious exercise, a land-use regulation that imposes a substantial burden on religious exercise is one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise – including the use of real property for the purpose thereof within the regulated jurisdiction generally – effectively impracticable." *Civil Liberties for Urban Believers v. City of Chi.*, 342 F.3d 752, 761 (7th Cir. 2003). Substantial burden "mean[s] something different from [a] 'greater burden than imposed on secular institutions.'" *Sts. Constantine & Helen Greek Orthodox Church, Inc. v. City of New Berlin*, 396 F.3d 895, 900 (7th Cir. 2005) (citation omitted). "If a land-use decision . . . imposes a substantial burden on religious exercise (the statute defines 'religious exercise' to include the 'use, building, or conversion of real property for the purpose of religious exercise,' 42 U.S.C. § 2000cc-5(7)(B)), and the decision maker cannot justify it, the inference arises that hostility to religion, or more likely to a particular sect, influenced the decision." *Id.* at 900.

Here, Plaintiff alleges that it operated in the same location for ten years "without issue" when it received a summons from Defendants in February 2013 requesting that it close on the grounds of safety violations and because the Plaintiff had not obtained a conditional use permit. (2d Am. Verified Compl., Dkt. # 5, ¶¶ 8-11.) According to Plaintiff's allegations, although the Building and Fire Inspectors approved the use of its property for its intended purpose, the City's Planning Board attempted to force the inspectors to change their decisions, Board members spoke out against the issuance of a special use permit during a meeting when the issue was not on the agenda, and the Planning Board (and subsequently the City Council) arbitrarily and capriciously denied the special use permit without explanation. (*Id.* ¶¶ 18-29.) While it is true that "[w]hen there is plenty of land on which religious organizations can build churches (or, as is common nowadays, convert to churches buildings previously intended for some other use) in a community, the fact that they are not permitted to build everywhere does not create a substantial burden," *Petra Presbyterian Church v. Vill. of Northbrook*, 489 F.3d 846, 851 (7th Cir. 2007), the availability of alternative locations and the specific facts surrounding the Board and City Council's decisions are unknown at this time. Although Defendants note that the property "does not come close to having sufficient off-street

2

parking and has no handicapped accessible parking," (Defs.' Reply, Dkt. # 26, at 5), these facts are outside the four corners of the complaint and therefore are not properly considered at this stage of the litigation. Viewing the allegations in a light most favorable Plaintiff, the Court denies Defendants' motion to dismiss the RUILPA and RFRA[1] claims (Counts 2 and 4) against the City of Markham.

Section 2(b)(2) of RLUIPA provides that "[n]o government shall impose or implement a land use regulation that discriminates against any assembly or institution on the basis of religion or religious denomination." 42 U.S.C. § 2000cc(b)(2). Defendants argue that Count 3 (violation of § 2(b)(2) of RUILPA) must be dismissed on the ground that Plaintiff fails to allege any facts supporting the contention of discrimination. As an initial matter, Plaintiff does not respond to this argument; thus, any challenge to the argument is waived. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007) (court held that plaintiff had waived right to challenge defendant's assertion of statute of limitations defense by failing to oppose defendant's argument in response to motion to dismiss); *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (plaintiff's failure to mention defendant's argument regarding scope of insurance policy exclusion treated as "acquiescence" to defendant's interpretation, rendering unnecessary any substantive determination by the court). In any event, the Court agrees that Plaintiff has failed to allege any facts supporting a claim for discrimination. Therefore, the Court grants Defendants' motion to dismiss Count 3.

With respect to the First Amendment violation (Count 6), the Free Exercise Clause prohibits a governmental entity from making any law "prohibiting the free exercise" of religion. U.S. Const. amend. I. The Seventh Circuit has noted that "[g]iven the similarities between RLUIPA § 2(a)(1) and First Amendment jurisprudence, we collapse [the plaintiff's] claims for the purpose of this analysis." *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 996 (7th Cir. 2006); *see also World Outreach Conference Ctr.*, 591 F.3d at 534 ("If we're right that section 2000cc(a)(1) of RLUIPA codifies *Sherbert v. Verner*, there isn't much point to a plaintiff's adding a claim under 42 U.S.C. § 1983 alleging a *Sherbert*-type violation of the free exercise clause (as made applicable to state or local governmental action by the Supreme Court's interpretation of the due process clause of the Fourteenth Amendment."). Because the Court has found that Plaintiff sufficiently alleged a claim under § 2(a)(1) of RUILPA, the motion to dismiss the claim under the Free Exercise Clause of the First Amendment (Count 6) is denied for the same reason.

Finally, Plaintiff does not respond to Defendants' argument that the Open Meetings Act claim

---

[1] Plaintiff does not specifically discuss the RFRA separately in its response, but as noted by Defendants, it need not be addressed separately as it contains substantially similar provisions to RUILPA. *See World Outreach Conference Ctr.*, 591 F.3d at 533 ("The Illinois law [RFRA], 775 ILCS 35/15, is, so far as relates to this case, materially identical to section (a)(1) of the federal law, and so it need not be discussed separately.") (internal citations omitted).

3

(Count 5) is time-barred; therefore, it has waived any opposition to the argument.  In any event, Plaintiff alleges that the Open Meeting Act violations occurred in April and June 2013.  Under the statute, Plaintiff was required to file an Open Meetings Act challenge within sixty days of the relevant decision.  *See* 5 Ill. Comp. Stat. 120/3.5.  Plaintiff, however, did not file suit in Circuit Court until September 24, 2013, over sixty days later. (Not. Removal, Dkt. # 1, ¶ 1.)  Therefore, the claim is time-barred.

      For the reasons stated above, Defendants' motion to dismiss [13] is granted in part and denied in part.  The motion is granted with respect to the claim under § 2(b)(2) of RUILPA (Count 3) and the Illinois Open Meetings Act claim (Count 5).  The motion as to the remaining claims is denied.

**Date**: August 19, 2015

                                                              **Ronald A. Guzmán**
                                                              **United States District Judge**